IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Thomas Randall Dillon,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:16cv413 (LO/JFA) |
| ) | |
| **Harold Clarke,** ) | |
| Respondent. ) | |

MEMORANDUM OPINION

Thomas Randall Dillon, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of convictions entered in the Circuit Court of Hanover County. Before this Court is the respondent's Motion to Dismiss the petition.

**I. Background**

On March 21, 2014, petitioner was convicted following a jury trial of one count each of abduction by force and assault. Case No. CR1300019-00 and -01. The facts underlying the charges were explained by the Court of Appeals of Virginia as follow:

> On December 15, 2012, [Dawn] Pitts went to Henrico County to pick up appellant from Stuart Chisholm's home. Appellant had called Pitts and told her he was drunk and could not drive his moped. He asked Pitts to drive him back to his motel room at the Apple Garden Inn in Hanover County. When Pitts arrived at Chisholm's home around 9:30 or 9:35 p.m., appellant appeared intoxicated and was consuming more alcohol. He did not agree to leave with Pitts until after midnight. At about 3:15 a.m., Pitts picked up appellant from another location and began driving to the Apple Garden Inn. During this drive, appellant became verbally and physically abusive. Appellant struck Pitts in the face and head with his fists.
>
> When they reached the motel, appellant argued with Pitts further and would not get out of the car. Appellant tried to convince Pitts to take

> him to the hospital or to Pitts' home, but she refused. Appellant took Pitts' car keys, got out of the car, and went into his motel room. Pitts went to the room to retrieve her keys. Appellant had her come inside to talk. Appellant began groping Pitts and trying to engage her in sexual intercourse. When she refused, appellant told her she was not going anywhere but would spend the night with him. He then demanded she take him to the hospital or her home. When she refused, he did not allow her to leave. Over the course of about three hours, Pitts repeatedly tried to leave the room, but appellant would not let her go or give her the keys. During this time, appellant threw her onto the bed, hit her, and kicked her in the stomach. At one time, he got on top of Pitts and choked her. Another time, appellant grabbed a knife, held it to Pitts' face, and threatened to 'gut' her and himself. Finally, Pitts said she would take appellant to stay at her house. While appellant was gathering some clothes, Pitts fled from the room.

Dillon v. Commonwealth, R. No. 0771-14-2 (Va. Ct. App. Feb. 5, 2015), slip op. at 4-5.[1] Dillon was sentenced to serve 10 years in prison with 7 years suspended for the abduction by force, and 12 months with 6 months suspended for the assault.

In addition, petitioner earlier had been convicted in Henrico County of two counts of carnally knowing a child of thirteen years of age and one count of contributing to the delinquency of a minor. Case Nos. CR10001361-00 and -01, CR10001362-00. He was sentenced to an aggregate of 21 years incarceration, with 17 years and 14 months suspended. On March 21, 2014, the court revoked the entire period of suspended time based upon the abduction and assault convictions, and re-suspended 16 years and 8 months of the sentence.

Dillon took a direct appeal of all of the foregoing convictions, raising the following claims:

---

[1] Because a federal court on habeas review of a state conviction must defer to findings of fact made by state trial and appellate courts, 28 U.S.C. § 2254(d), it is appropriate to look to the state court's recitation of the salient facts.

1. The trial court abused its discretion by ignoring the Brickhouse factors and permitting Pitts to testify again, thereby denying his constitutional right to a fair trial.

2. Brady v. Maryland requires reversal because the police report and Pitts' written statement to the police contained exculpatory evidence and had impeachment value but were not provided to the defense.

3. The trial court erred by overruling his objection to amendment of the indictment because it was a fatal variance.

4. The evidence to sustain the abduction conviction was insufficient as a matter of law.

5. The victim impact statement violated the Virginia Code and his constitutional rights to due process and a fair trial.

6. Because he was wrongfully convicted of abduction and assault, the probation violation convictions cannot stand.

A judge of the Court of Appeals denied Dillon's petition for appeal on February 5, 2015, and a three-judge panel refused further review on April 23, 2015. Resp. Ex. 1. Petitioner sought review by the Supreme Court of Virginia, but his petition was refused on December 23, 2015. Dillon v. Commonwealth, R. No. 150661 (Va. Dec. 23, 2015); Resp. Ex. B.

On April 4, 2016, Dillon turned to the federal forum and timely filed this application for a writ of habeas corpus pursuant to §2254,[2] essentially reiterating the claims that were raised direct appeal, as follow:

---

[2]For federal purposes, a pleading submitted by an incarcerated pro se litigant is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988). In this case, petitioner declared that he placed his petition into the prison mailing system on April 4, 2016. Pet. at 15.

3

1. The trial court abused its discretion in permitting Dawn Pitts to testify at petitioner's second trial, in violation of his constitutional rights to due process and a fair trial.

2. The prosecutor withheld exculpatory evidence in the form of written statements by Dawn Pitts, in violation of Brady and his right to due process.

3. The trial court abused its discretion and violated his rights to due process and a fair trial by denying a defense motion to strike the abduction charge where the evidence was insufficient as a matter of law to sustain the conviction.

4. The trial court abused its discretion by admitting Dawn Pitts' prejudicial victim impact statement, in violation of his constitutional rights to due process and a fair trial.

5. Because he was wrongfully convicted of abduction and assault, the trial court abused its discretion by allowing the probation violation convictions to stand.

Pet. Memo. of Law and Facts, Dkt. No. 2 at 1. Respondent filed a Motion to Dismiss the petition along with a supporting brief and exhibits on May 16, 2016, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. (Dkt. No. 13-16) Petitioner filed his Opposition to Motion to Dismiss on June 23, 2016. (Dkt. No. 19) Accordingly, this matter is ripe for disposition.

## II. Exhaustion

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995). Here, all of petitioner's present claims were exhausted by being presented to the Supreme Court of Virginia on direct appeal.

### III. Procedural Default

Petitioner's claims 1 and 4 are procedurally defaulted from federal review. If a state court finds, based on an adequate and independent state-law ground, that a claim is procedurally defaulted from review, then the claim is not reviewable in a federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998). A state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution. Williams, 146 F.3d at 209. The only exception to this rule is if the petitioner can show cause and prejudice for the default, or a fundamental miscarriage of justice, such as actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255, 262 (1989).

In claim 1 of this petition, Dillon argues that the trial court abused its discretion and violated his constitutional rights to due process and a fair trial when it allowed the victim, Dawn Pitts, to testify at the second trial.[3] When he made this same argument on direct appeal, the

---

[3] As the Court of Appeals explained, petitioner was tried twice. After he was convicted of abduction and assault at a trial on July 2, 2013, he moved for a new trial on the ground that after Dawn Pitts testified as a witness for the Commonwealth, she violated the court's exclusion order by listening to the remainder of the trial testimony at the courtroom door. The court granted the motion and ordered a second trial. Petitioner moved *in limine* to exclude Pitts' testimony from the second

Court of Appeals found "no abuse of discretion in the trial court's refusal to exclude Pitts' testimony from the second trial." Dillon v. Comm., R. No. 0771-14-2, slip op. at 2. As to petitioner's argument that the court's ruling violated his constitutional rights, the appellate court found:

> Appellant contends for the first time on appeal that the trial court's ruling resulted in a denial of his constitutional right to a fair trial. Appellant's motion in limine and supporting argument addressed (and his appellate argument addresses) only the statutory question. The constitutional question is not before us, and we cannot consider it. See Rule 5A:18 ...

Id., slip op. at 1, n. 2.[4] Because the Supreme Court of Virginia refused further review of this order without explanation, the reasoning of the Court of Appeals is imputed to it. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Similarly, in claim 4 of this petition, Dillon contends that the trial court abused its discretion by admitting Dawn Pitts' prejudicial victim impact statement and thereby violated his rights to due process and a fair trial. The Court of Appeals found "no abuse of discretion in the trial court's decision regarding the victim impact statement." Id., slip op. at 7. Again, as to petitioner's contention that the admission of the victim impact statement violated his federal rights, the Virginia court determined:

> At the sentencing hearing, appellant objected that Virginia law did not allow the opinions in the victim impact statement. He did not contend, as he does on appeal, that the statement's admission violated

---

trial, and the motion was denied. Dillon v. Comm., R. No. 0771-14-2, slip op. at 1.

[4]Rule 5A:18 of the of the Rules of the Supreme Court of Virginia provides that "no ruling of the trial court ... will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

> his constitutional rights. Accordingly, this portion of his argument is barred by Rule 5A:18, and we do not consider it.

Id., slip op. at 6, n. 3. Because the Virginia Court of Appeals explicitly relied on a procedural ground to deny petitioner relief and furnished an independent and adequate state ground to default his claims that his constitutional rights were violated by the failure to exclude Dawn Pitts' testimony and by the admission of her victim impact statement, those arguments likewise are procedurally barred here. Clanton, 845 F.2d at 1241.

A federal court may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991), 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). Importantly, a court need not consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his Opposition Motion in Response to Respondent's Motion to Dismiss, petitioner argues that this Court should reach the merits of claims 1 and 4 for two reasons. First, he asserts essentially that the Court of Appeals erred in holding that the constitutional arguments raised in connection with those claims were defaulted, because trial counsel filed a pre-trial motion in limine to exclude Pitts' testimony from the second trial and objected at the sentencing hearing to admission of the victim impact statement. (Dkt. No. 19 at 1-2) However, petitioner's argument misses the mark. It is true that counsel took the actions petitioner describes, but in neither instance did he assert a constitutional basis for the relief he sought. In the Memorandum in

Support of Defendant's Motion to Vacate Judgment and Motion for New Trial filed on August 28, 2013, counsel argued solely on the basis of Va. Code §19.2-265.1 and Wolfe v. Commonwealth, 265 Va. 193, 576 S.E.2d 471 (2003) that Pitts' violation of the exclusion order in the first trial should preclude her from testifying at the second trial. Id. at 7-10. Similarly, the Motion in Limine counsel filed on February 19, 2014 at the start of the second trial likewise relied exclusively on the authority of Va. Code §19.2-265.1, and raised no claim that Dillon's constitutional rights would be compromised if Pitts were allowed to testify. Counsel made no constitutional argument when the motion in limine was heard before the start of the second trial. (T. 2/28/14 at 6-6-14). Likewise, counsel argued at sentencing that Pitts' victim impact statement should be disallowed because it went "way above and beyond" and amounted to "the ramblings of a liar and a scorned woman," but again made no assertion that its admission would compromise any of petitioner's constitutional rights. (T. 3/21/14 at R. 97-98) Since Rule 5A:18 provides that preservation of a trial court ruling requires "an objection was stated with reasonable certainty," it is apparent that petitioner's contention that the Court of Appeals erred in determining that the constitutional arguments raised in connection with claims 1 and 4 were defaulted is without merit.

Second, petitioner argues that claims 1 and 4 "are not defaulted in this Court at all" based on the authority of Weeks v. Angelone, 176 F.3d 249 (4th Cir. 1999). In Weeks, the Fourth Circuit held that a habeas petitioner's claims had been exhausted where he alleged in his brief on direct appeal that "the denial of expert assistance constituted violations of the Fifth, Sixth, and Fourteenth Amendment of the Constitution .... Because Weeks presented the substance of a federal constitutional claim for experts to the Supreme Court of Virginia, we may review this

claim in a federal habeas proceeding." Id. at 262. That holding has no relevance here, because as just discussed, in this case no constitutionally-predicated arguments were preserved for review at trial, so the attempt to present them on appeal rightfully was found to be defaulted. For these reasons, petitioner has failed to show cause or prejudice for the procedural default of claims 1 and 4 of this federal petition, and they hence are barred from review on the merits.[5]

### IV. Merits

When a state court has addressed the merits of a claim raised in a federal habeas petition, the federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the

---

[5] It should be noted that because the claims 1 and 4 that were exhausted in the state forum were based entirely on state law, they are not cognizable in a § 2254 proceeding. See Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) (a federal writ of habeas corpus may issue only where a prisoner is in custody in violation of the Constitution or laws or treaties of the United States); Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) (allegations that a state court incorrectly applied state law fail to state a basis for federal habeas corpus relief).

9

facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

In Claim 2 of this petition, Dillon argues that the prosecution's failure to disclose impeachment material amounted to a violation of Brady v. Maryland, 373 U.S. 83 (1963). When he raised this same claim on direct appeal, the Court of Appeals found as follows:

> Appellant moved pre-trial to compel the Commonwealth's disclosure of any written statements or summaries of statements made by PItts that were inconsistent with her testimony at the first trial. Appellant alleged that, during the first trial, Pitts testified to appellant's use of a knife. Pitts, however, had made no such mention of a knife when she first spoke to the police about the incident. The Commonwealth had advised appellant that Pitts made oral and written statements to the police without mentioning any use of a knife. The trial court denied appellant's motion to compel production of Pitts's statements because appellant was aware of, and able to, make use of the inconsistency in Pitts' statements through cross-examination. Appellant appeals this decision and contends that Brady v. Maryland, 373 U.S. 83 (1963), entitled him to Pitts' statements and any police report containing a statement summary.
>
> '[T]o establish a Brady right to the disclosure of evidence, the defendant must show that the items in question are (1) exculpatory, (2) not disclosed, and (3) prejudicial as the result of the failure to disclose.' Garnett v. Commonwealth, 275 Va. 397, 410, 657 S.E.2d 100, 108 (2008). The record demonstrates that, before trial, appellant was aware of the inconsistency between Pitts' statements to the police and her testimony at the first trial that appellant used a knife. Appellant cross-examined her accordingly. The Commonwealth disclosed to appellant, in time for him to make use of it at trial, the matter he sought through discovery. He suffered no prejudice. Therefore, we find no basis to disturb the trial court's ruling.

Dillon v. Comm. R. No. 0771-14-2, slip op. at 2-3. Again, this reasoning is imputed to the

Supreme Court of Virginia because it refused further review without explanation. Ylst, 501 U.S. at 803.

Under established federal law, a defendant must make a three-part showing to establish the existence of a Brady violation: (1) the withheld evidence at issue is favorable to the accused either because it is exculpatory or impeaching; (2) the evidence was suppressed by the government, either willfully or inadvertently; and (3) the suppression was material. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). "The mere possibility that 'undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." United States v. Agurs, 427 U.S. 97, 109-10 (1976). Instead, evidence is material only "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433-34 (1995).

Here, it is readily apparent that the state courts' denial of petitioner's Brady claim was in accord with these authorities. The defense had been made aware before the second trial that Pitts' testimony at the first trial and her statement to the police were inconsistent, and defense counsel was able to cross-examine her on that basis. "There is never a real 'Brady violation' unless the non-disclosure was so serious that the suppressed evidence would have produced a different verdict." Strickler, 527 U.S. at 281-82. Here, where any non-disclosure was cured prior to the second trial, there is no possibility that it affected the verdict. The Virginia court's rejection of this claim thus was both factually reasonable and in accord with controlling federal authorities, and the same result is compelled here. Williams, 529 U.S. at 412-13.

In claim 3, petitioner contends that the evidence was insufficient as a matter of law to

sustain his conviction of abduction. After describing the salient events as quoted above, the Court of Appeals found as follows:

> Abduction is committed by anyone 'who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes another person with the intent to deprive such other person of his personal liberty ....' Code § 18.2-47(A).
>
>> [O]ne accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crimes.
>
> Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 771, 713-15 (1985). '[T]o constitute an abduction, separate and part from ... [another crime], the victim's detention must be greater than the restraint that is intrinsic in ... [the other crime].' Cardwell v. Commonwealth, 248 Va. 501, 511, 450 S.E.2d 146, 152 (1994). ....
>
> The evidence proved that appellant assaulted Pitts as she drove him to the Apple Garden Inn. Appellant then held her against her will in the motel room by depriving her of her keys. He used force to prevent her from leaving the room for hours. Appellant also obtained a knife and assaulted Pitts again by holding the weapon to her face and threatening to kill her.
>
> Accordingly, appellant's detention of Pitts was not incidental to assault and battery. Appellant told Pitts she would not be allowed to leave the room and physically restrained her for approximately three hours, plainly evincing an intent to deprive Pitts of her personal liberty. The evidence was sufficient to prove beyond a reasonable doubt that appellant abducted Pitts with the intent to deprive her of her personal liberty.

Dillon v. Comm. R. No. 0771-14-2, slip op. at 5-6.

On federal habeas review, the standard for a claim challenging the sufficiency of the

evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); <u>Sumner v. Mata</u>, 449 U.S. 539, 546-47 (1981). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. <u>Herrera v. Collins</u>, 506 U.S. 390, 402 (1993).

Here, for the reasons expressed in the Court of Appeals' decision, it is apparent that a rational trier of fact could have found Dillon guilty of the abduction with which he was charged. See <u>Jackson</u>, 443 U.S. at 319. Accordingly, the state courts' denial of relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. Accordingly, the same result must be reached here. <u>Williams</u>, 529 U.S. at 412-13.

In claim 5, petitioner argues that because he was wrongfully convicted of abduction and assault, the trial court abused its discretion by allowing the probation violation convictions to stand. When he made the same argument on direct appeal, the Court of Appeals found this argument to be without merit because it had affirmed the convictions for abduction and assault. <u>Dillon v. Comm.</u> R. No. 0771-14-2, slip op. at 8. Here, in the same fashion, Dillon has failed to show that his abduction and assault convictions violated his constitutional rights, so he states no basis upon which to call into question the lawfulness of the probation violation convictions.

13

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this 15th day of February 2017.

Alexandria, Virginia

/s/ *[signature]*
Liam O'Grady
United States District Judge